UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Power Electric Distribution, Inc.,

    Petitioner,    **MEMORANDUM OPINION
                 AND ORDER**
v.              Civil No. 13-199 ADM/HB

Hengdian Group Linix Motor Co., Ltd.

    Respondent.

_____

Jeffrey W. Post, Esq., Fredrikson & Byron, PA, Minneapolis, MN, on behalf of Petitioner.

Douglas R. Peterson, Esq., and Elizabeth C. Kramer, Esq., Stinson Leonard Street LLP, Minneapolis, MN, on behalf of Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Petitioner Power Electric Distribution, Inc.'s ("Power Electric") Motion for Attorneys' Fees and Costs [Docket No. 94]. Respondent Hengdian Group Linix Motor Co., Ltd. ("Linix") opposes the motion. For the reasons set forth below, Power Electric's motion is granted in part and denied in part.

## II. BACKGROUND[1]

Power Electric requests an award of $40,853 in attorneys' fees and costs it incurred in responding to Linix's Amended Motion for Post Judgment Relief or an Extension of Time to Appeal [Docket No. 78] ("Post Judgment Motion"). In the Post Judgment Motion, Linix sought to vacate three judgments that had been entered against it: (1) a judgment confirming an Arbitration Award [Docket No. 15]; (2) a judgment for $52,627 in attorneys' fees incurred by

---

[1] The detailed background of this case is set forth in the Court's Memorandum Opinion & Order of March 2, 2015 [Docket No. 91] ("March 2015 Order") and is incorporated by reference.

Power Electric in confirming the Arbitration Award [Docket No. 33]; and (3) a judgment modifying the Arbitration Award [Docket No. 47].

Linix's Post Judgment Motion was largely prompted by the entry of the third judgment, which modified the Arbitration Award by converting Linix's obligation to pay future royalties of $18.43 per motor sold for up to 50,000 motors into a current money judgment for $876,255.24, regardless of whether the motors were ever sold.  See generally Pro Se Mot. [Docket No. 52]. Approximately one month after this third judgment was filed, Linix filed a pro se motion in which it argued that it had not been properly served with the documents underlying the judgment and it lacked sufficient time and opportunity to defend itself.  Id. at 1-2.  Linix then retained counsel, who filed a memorandum arguing that all three judgments were void based on Power Electric's failure to properly serve Linix under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention").  See Mem. Supp. Mot. Post J. Relief [Docket No. 66] 7-12.

In requesting that the three judgments be vacated, Linix sought the return of  $52,627 that Power Electric had collected on the attorneys' fee judgment.  However, Linix did not seek to recover amounts that Linix paid under the Arbitration Award.  See id. at 12 (stating "Linix has complied with the Award in good faith, and plans on continuing to do so"); Peterson Decl. [Docket No. 80] ¶ 6 (attesting that Power Electric's counsel was "advised . . . that Linix fully intended to honor the Award and that it would not be seeking any relief that questioned the Award itself or reversed any of its payments pursuant to its terms.").  The Court granted Linix's Post Judgment Motion as to the third judgment (the judgment modifying the Arbitration Award) but upheld the judgment confirming the Arbitration Award and the judgment for attorneys' fees.

See generally March 2015 Order.

Power Electric now seeks an award for the fees it incurred in defending the two judgments that were upheld. Power Electric contends that the fees it incurred in successfully defending the first two judgments are authorized under the parties' Supplier Agreement. Linix disagrees, arguing that the requested fees are not authorized under the Supplier Agreement or the Arbitration Award because Linix was in full compliance with its royalty obligations by the time Power Electric began incurring fees to defend the Post Judgment Motion. Linix further argues that it repeatedly informed Power Electric that it would continue to abide by the Arbitration Award, and thus Power Electric's only purpose for incurring the fees at issue here was to defend its $52,627 judgment for attorneys' fees. Linix insists that the Supplier Agreement does not authorize fees expended in an effort to protect an earlier fee award.

### III. DISCUSSION

"Under Minnesota law, attorney fees are permitted if authorized by contract or statute." Hinz v. Neuroscience, Inc., 538 F.3d 979, 987 (8th Cir. 2008). Here, the parties' Supplier Agreement states that Power Electric "shall be entitled to recover its costs and expenses (including reasonable attorneys' fees) incurred to enforce the terms of this Agreement." Post Decl. [Docket No. 63] Ex. A ("Supplier Agreement") ¶ 5. By defending against Linix's challenge to the judgment for attorneys' fees, Power Electric was enforcing its right under Paragraph 5 of the Supplier Agreement to recover the fees underlying the judgment.[2] Therefore, Power Electric may recover the fees it incurred to defend against Linix's Post Judgment Motion to the extent the fees were reasonable.

---

[2] The fees underlying the attorneys' fee judgment were incurred to enforce Paragraph 7 of the Supplier Agreement, which states that "judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction thereof." Supplier Agreement ¶ 7.

3

In determining the size of the fee award, a court must consider the "time and effort required, novelty or difficulty of the issues, skill and standing of the attorney, value of the interest involved, results secured at trial, loss of opportunity for other employment, taxed party's ability to pay, customary charges for similar services, and certainty of payment." Jadwin v. Kasal, 318 N.W.2d 844, 848 (Minn. 1982).

Power Electric seeks over $40,000 in attorneys' fees and costs that it incurred in opposing Linix's Post Judgment Motion. Power Electric contends this amount is reasonable because Linix attempted to overturn the judgment confirming the Arbitration Award that required Linix to pay a lump-sum payment of over $1.5 million and the potential for over $920,000 in future royalties. This argument lacks merit. The record shows that Linix repeatedly represented to Power Electric and the Court that it was in compliance with the Arbitration Award, was not attempting to disgorge payments that it had made under the Award, and would continue to abide by it. Thus, the only amount genuinely at issue was Power Electric's $52,627 attorney fee judgment. Expending nearly $41,000 to defend a $52,627 fee award is a disproportionate reaction to the dispute, particularly where Power Electric's primary focus in this litigation has been to recover approximately $21,000 in delinquent royalty fees.

Power Electric also argues the fees were reasonable in light of the briefing, formal and informal settlement discussions, and two court appearances necessary to oppose Linix's Post Judgment Motion. However, the settlement conferences and court hearings were directed to issues beyond Linix's Post Judgment Motion; they also included Power Electric's motion for a second fee award. The billing statement underlying Power Electric's present fee request does not show a reduction for the portion of the time attributable to Power Electric's second fee

request.  Additionally, the statement does not reflect any attempt by Power Electric to segregate the fees it incurred in defending the third judgment, which was vacated.  Based on these circumstances, including Power Electric's previous awards totaling over $67,000 in attorneys' fees in this case, a fee award of $5,000 is reasonable.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Power Electric Distribution, Inc.'s Motion for Attorneys' Fees [Docket No. 94] is **GRANTED IN PART and DENIED IN PART**.  Linix shall pay $5,000 in attorneys' fees to Power Electric.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 28, 2015.

5